0IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAZI MANAGEMENT | : | Civil Action No. |
| SAINT CROIX, LLC and ZUBAIR | : | |
| KAZI, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SANTIAGO GARCIA GUTIERREZ, | : | JURY TRIAL DEMANDED |
| UNIVERSAL INVESTMENTS & | : | |
| TRADING, LLC, and UNITED FUEL | : | |
| SUPPLY SA, LLC, and JOHN DOE, | : | |
| Defendants | | |

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Kazi Management St. Croix, LLC and Zubair Kazi, by and through their attorneys, bring this civil action for damages against the above named Defendants, SANTIAGO GARCIA GUITIERREZ, UNIVERSAL INVESTMENTS & TRADING, LLC, UNITED FUEL SUPPLY SA, LLC, and JOHN DOE, demand a Jury Trial, and in support thereof allege as follows:

### THE PARTIES

1.      Plaintiff, KAZI MANAGEMENT ST. CROIX, LLC ("KAZI MANAGEMENT") is a Limited Liability Company organized under the laws of the Territory of the United States Virgin Islands, with a principal business address of 330 Strand Street, Frederiksted, Virgin Islands 00840.

2.      Plaintiff, ZUBAIR KAZI ("KAZI")is an adult individual with a residential address of St. Thomas, U.S. Virgin Islands.  He is the owner and Chief Executive Officer of Kazi Management St. Croix, LLC

3.      Defendant, SANTIAGO GARCIA GUITERREZ ("GARCIA") is an adult individual with a residential address of Encino, California and a business address of 2200 Post Oak Blvd, Suite 5000, Houston, Texas.  He is the owner and sole member of Universal Investments and Trading, LLC and United Fuel Supply SA, LLC

4.      Defendant, UNIVERSAL INVESTMENTS AND TRADING, LLC is a Limited Liability Company organized under the laws of the State of California in 2016 with a registered address of 150 Rodeo Drive, Beverly Hills, California and a principal business address of 2200 Post Oak Blvd, Houston, Texas or 1111 Caroline Street, #2903, Houston, TX 77010

5.      Defendant, UNITED FUEL SUPPLY SA, LLC is a Texas single-member Limited Liability Company with a registered address of 2200 Post Oak Blvd, #5500, Houston, TX 77056-4700 and an alleged business address of 3900 N. 10th Street, Suite 1050, McAllen, Texas

6.      Defendant, JOHN DOE, is an adult individual who is, or pretended to be, federal law enforcement officer in the Los Angeles, California area.  At the time the actual name and identity of DOE becomes known, Plaintiffs shall seek leave of the court to amend their complaint to set forth the true name of said individual.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 in that the parties are citizens of states and the amount in controversy exceeds $75,000.00.

8.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) in that Defendant United Fuel Supply SA, LLC is organized under the laws of Texas with a registered office and principal business location in Houston, Texas and Universal Investments and Trading, LLC has a principal business location of Houston, Texas.

## SUMMARY OF ACTION

9.      This action involves a fraudulent scheme orchestrated by Santiago Garcia Gutierrez, individually and through his companies Universal Investments and Trading, LLC and United Fuel Supply SA, LLC, along with the assistance of an unknown person purported to be a federal law enforcement agent (identified herein as John Doe) to take at least $ 3.1 million from Kazi Management St. Croix, LLC and Zubair Kazi.

10.     GARCIA and DOE devised a scheme wherein they used telephone, text, and WhatsApp communications to convince the CEO of Kazi Management that he would be able to purchase cars and aircraft seized by the U.S. Government due to GARCIA's cooperation with government officials on multiple criminal cases.

11.     Through multiple fraudulent misrepresentations made by GARCIA and DOE, and relied upon by Kazi, caused Kazi to direct Kazi Management to wire $2.7 million to Garcia's company, Universal Investments and Trading, LLC.

12.     When Kazi requested security for his investment, Garcia assigned his rights to property he allegedly owned in Texas.

13.     That property did not belong to GARCIA and had, instead, been fraudulently transferred and recorded in the name of Universal Investments and Trading, LLC and United Fuel Supply SA, LLC.

14.     United Fuel Supply SA, LLC is nearly identical to the name of the actual owner of the real property.

15.     Both Universal Investments and Trading, LLC and United Fuel Supply SA, LLC are owned by Garcia.

16.     As a result of the fraudulent actions by GARCIA, DOE, Universal Investments and Trading, LLC and United Fuel Supply SA, Plaintiffs Kazi Management St. Croix LLC and Zubair Kazi sustained a loss of at least $2.7 million which was retained by DOE, GARCIA, and his respective companies.

## THE CORPORATE VEIL SHOULD BE PIERCED

17.     At all relevant times, GARCIA maintained a 100% ownership stake in UNITED FUEL SUPPLY SA, LLC and UNIVERSAL INVESTMENTS AN TRADING, LLC.

18.     At all relevant times, UNITED FUEL SUPPLY SA, LLC (UFS-SA) and UNIVERSAL INVESTMENTS AND TRADING, LLC (UIT) were alter-egos of GARCIA.

19.     All meaningful assets of UFS-SA and UIT were in the exclusive possession and control of GARCIA.

20.     UFS-SA and UIT have been used as mere instrumentalities for the transaction of GARCIA's own affairs and there is such unity of interest in ownership that the separate personalities of the company and owners no longer exist.

21.     The alter-ego relationship is supported by, among other things: (A) the comingling of funds and assets and transfer of funds and owner himself; (B) the under-capitalized nature of UFS-SA and UIT; (C) the use of UFS-SA as a mere shell to illegally transfer property to UIT; and (D) the use of UIT as a conduit to transfer a deed of trust to secure GARCIA's personal debts.

22.     Justice requires recognizing the substance of the relationship over the form because the corporate fiction distinguishing between GARCIA, UFS-SA, and UIT is being utilized to perpetuate a fraud or defeat a rightful claim by KAZI.

23.     Upon information and belief UIT and UFS-SA transferred assets to GARCIA without reasonably equivalent value being received by UIT or UFS-SA and likely for the purpose of committing fraudulent acts.

24.     An equitable result is achieved by disregarding the corporate form and holding GARCIA personally liable for UIT and UFS-SA's actions as GARCIA has drained UIT and UFS-SA of assets, and without piercing the corporate veil, KAZI will be unable to recoup damages and monies owed, including without limitation, by UIT and UFS-SA.

## RELATED PARTIES AND ENTITIES

25.     ZK PETROLEUM is a wholly owned subsidiary or KAZI MANAGEMENT.

26.     UNITED FUEL SUPPLY, LLC is a Limited Liability Company organized under the laws of the state of Nevada which at one point owned land related to this action and employed GARCIA as a registered agent.

## THE FRAUDULENT SCHEME

### A.  Garcia's Alleged Cooperation with the Federal Government

27.    GARCIA is, was, and claims to be a government informant/witness in multiple federal criminal investigations in California, Texas, and Utah.

28.    In exchange for his cooperation, GARCIA claimed that he had access to vehicles, airplanes, refineries, and other property that has been seized by the federal government.

29.    GARCIA claimed to be working with a federal agent named "Ben McArthur" (**DOE**) an alleged federal law enforcement agent assigned to protect GARCIA and assist him with the property that is to be sold to KAZI MANAGEMENT.

30.    GARCIA claimed to be working with multiple other federal law enforcement agents for the purpose of procuring the vehicles, planes, and other materials for the purpose of sale/transfer to KAZI.

### B.  Offer to Sell Government-Seized Planes and Automobiles

31.    On or about March 21, 2018 GARCIA contacted Zubair KAZI and asked his assistance in acquiring airplanes from the government.

32.    Through a series of WhatsApp and Text messages, GARCIA stated that he was brokering a deal with a man named "Ben" (DOE) from the Department of Homeland Security in Los Angeles.

33.    GARCIA provided information about DOE including a telephone number and photos of text messages sent to establish the legitimacy of GARCIA's claims that he had access to planes.

34.     GARCIA and DOE provided screenshots of documents and emails purportedly from high-level members of the Department of Justice and the Department of Homeland Security.

35.     Through multiple text communications in April and May of 208, GARCIA convinced KAZI of the legitimacy of the transactions and, as a result thereof, KAZI registered Black Star Aviation, LLC with the Department of State in Delaware.

36.     On or about May 11, 2018, GARCIA notified KAZI that there were vehicles available for sale by the government.

37.     On May 15, 2018, GARCIA sent KAZI a list of planes available for sale.

38.     On May 15, 2018, KAZI selected three 3 planes from the list and made a written offer, addressed to the U.S. Dept. of Homeland Security.

39.     On May 24, 2018, GARCIA sent KAZI a list of several luxury automobiles that were purportedly available for purchase from the Dept. of Homeland Security.

40.     On May 29, 2018, GARCIA sent KAZI an updated list of several luxury automobiles that were purportedly available for purchase from the Dept. of Homeland Security.

41.     KAZI selected several vehicles from the list and requested GARCIA to send to DOE to approve the sale of the vehicles.

42.     On May 29, 2018, GARCIA messaged KAZI, "He said he will look into it he thinks his boss will think it's for capital gains on my part and they will not allow it…if it is for profit it has to go through the bidding process."

43.     On June 1, 2018, GARCIA requested money for a down payment on the airplanes and vehicles.

44.     On June 1, 2018, GARCIA provided an updated list of planes to KAZI included in the description were the year, make, and model of the planes along with a designation of Agency and Location.

45.     On June 1, 2018, KAZI, by and through Black Star Aviation, made a written offer to purchase the aircraft.

46.     On June 5, 2018, GARCIA sent an audio recording of a conversation he had with DOE regarding KAZI's potential cooperation in a criminal matter in Utah.

47.     On June 11, 2018 GARCIA informed KAZI that the government informed him that he must continue to cooperate with them if they approve the sale of the vehicles and airplanes.

48.     On June 15, 2018, GARCIA informed KAZI "They are signing off on the planes. They will need individual offers.  One of the US Marshals and NTSB said that it looks pretty bad that on particular company that was established about a month ago to acquire $100 million in planes."

49.     On June 15, 2018, GARCIA informed KAZI that he did not have earnest money for the planes and there is "a list of people after the cars and planes."

50.     On June 15, 2018, KAZI, by and through KAZI MANAGEMENT, made two offers for the purchase of airplanes with both offers allegedly being communicated to the U.S. Dept. of Homeland Security by and through GARCIA.

51.     On June 16, 2018, KAZI, by and through KAZI MANAGEMENT made an offer to purchase vehicle with the offer allegedly being communicated to the U.S. Dept. of Homeland Security by and through GARCIA.

52.     On June 18, 2018, KAZI, through GARCIA, attempted to negotiate a price for the vehicles selected and submitted a written offer to GARCIA to communicate to the U.S. Dept. of Homeland Security.

53.     On June 19, 2018, GARCIA, allegedly acting on behalf of DHS stated, "they can't do $1.2 because it's going to raise flags.

54.     On June 19, 2018, GARCIA sent KAZI a photo of a text from DOE stating that he would send wiring instructions so the wire can go directly to the U.S. Marshal's Account.

55.     At the request of DOE, KAZI agreed to wire $225,000.00 to the U.S. Marshal's account.

56.     On June 20, 2018, GARCIA messaged KAZI stating, in part, "He is going to find a way to get a document.  He is saying that this is not how these things are done normally all this goes through an auction and bidding process.  He wants me to pay and after we receive the inventory Kazi pays the difference.  I honestly will do what you want me to do Zubair."

57.     On June 20, 2018, GARCIA informs KAZI that the government will not sell directly to KAZI and it must go through GARCIA and sends what purports to be an email from Simon Henriquez[1] of the U.S. Dept. of Homeland Security confirming this information.

58.     On June 21, 2018, GARCIA provided wiring instructions for the payment of $225,000 to an account ending in 3968.

---

[1] Upon information and belief, Mr. Henriquez is not in a position of authority at Dept. of Homeland Security.

## C. Wire Transfers of Money

59.     On May 11, 2018, GARCIA stated he needed "Earnest Money" for the purchase of the planes and requested a wire transfer of $8000.00.

60.     KAZI agreed to send the money to GARCIA by and through an account owned by UNIVERSAL INVESTMENTS & TRADING, LLC.

61.     KAZI sent the wire and it was confirmed received by GARCIA on May 11, 2018.

62.     In compliance with the June 21, 2018 instructions, KAZI MANAGEMENT wired $225 thousand to a bank account which was designated as USM on June 22, 2018.

63.     On June 22, 2018, GARCIA informed KAZI that the wire transfer was rejected.

64.     On June 22, 2018, KAZI MANAGEMENT wired $225,000 to the same bank account referencing GARCIA which was accepted.

65.     On June 25, 2018, GARCIA informed KAZI that the money must first be wired to him and that he would then transfer to the U.S. Government.

66.     On June 25, 2018, KAZI MANAGEMENT wired $225,000 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

67.     On June 25, 2018, GARCIA sent KAZI a photo of a document he stated he would be signing which purported to surrender title of "15 different cars and makes from the USMS."

68.     On July 2, 2018, GARCIA advised KAZI that he could purchase 3 planes from the U.S. Government, but would be required to put down a $375,000.00 deposit.

69.     On July 2, 2018, KAZI wired $375,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

70.     On July 12, 2018, based upon representations by GARCIA, KAZI MANAGEMENT LLC made an offer for the purchase of two airplanes with the offer allegedly being communicated to the U.S. Dept. of Homeland Security by and through GARCIA.

71.     Through a series of communications, GARCIA demanded the wire be sent "or the USM will pull them out…cause they want to sell those in the regular sale"

72.     On July 17, 2018, KAZI wired $270,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

73.     On August 7, 2018, GARCIA advised KAZI that there were three (3) refineries that had been seized that were available for sale.

74.     On August 14, 2018, KAZI, by and through ZK PETROLEUM, a subsidiary of KAZI MANAGEMENT, made an offer for the purchase of three refineries with the offer allegedly being communicated to the U.S. Dept. of Homeland Security by and through GARCIA.

75.     On August 16, 2018, KAZI wired $500,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC as earnest money for the refineries.

76.     On August 15, 2018 based upon representations by GARCIA, KAZI MANAGEMENT LLC made an offer for the purchase of an airplane with the offer allegedly being communicated to the U.S. Dept. of Homeland Security by and through GARCIA.

77.     Based upon the representation of GARCIA, a 15% earnest money deposit was required.

78.     On August 20, 2018, KAZI wired $105,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

79.     On August 31, 2018, DOE notified KAZI that transfer fees were needed to pay for the transfer of the vehicles.

80.     On August 31, 2018, KAZI confirmed with GARCIA that the fees should be wired to his usual account.

81.     On August 31, 2018, KAZI wired $47,789.27 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

82.     On September 7, 2018, GARCIA informed KAZI of the opportunity to purchase two additional refineries that had been seized.

83.     On September 7, 2018, KAZI, by and through ZK PETROLEUM, a subsidiary of KAZI MANAGEMENT, made an offer for the purchase of two refineries with the offer allegedly being communicated to the U.S. Dept. of Homeland Security by and through GARCIA.

84.     On September 10, 2018, KAZI wired $400,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC via two separate transactions.

85.      On January 28, 2019, GARCIA provided KAZI with a photograph of a letter allegedly signed by the Director of Asset Management, Dept. of Homeland Security confirming his cooperation and the agreement to sell vehicles, refineries, and aircraft.

86.     On January 28, 2019, KAZI wired $450,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

87.     On March 7, 2019, GARCIA provided KAZI with a photograph of a letter allegedly signed by the Director of Asset Management, Dept. of Homeland Security confirming the vehicles would be available for inspection on March 13, 2019.

88.     On March 13, 2019, GARCIA, via text message, communicated to KAZI that the government required an additional $125,000.00.

89.     On March 13, 2019, KAZI wired $125,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

90.     On April 8, 2019, GARCIA continued his scam by claiming that the original planes were no longer available and new planes were.

91.     On April 9, 2019, GARCIA stated, "I have a situation where the whole plan will collapse if I don't cover $140K by today."

92.     GARCIA offered to sign over an 11.84 acre property "worth $2 million" in exchange for $150,000.00.

93.     On April 10, 2019, KAZI wired $150,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

94.     On May 22, 2019, GARCIA provided KAZI with a copy of a letter purportedly written by "Lee Loftus, DOJ Chief Acquisition Officer" stating that $84,000.00 was necessary to ensure that the planes and vehicles would be available to purchase.

95.     On May 28, 2019, KAZI wired $84,000.00 to GARCIA, by and through an account owned by UNIVERSAL INVESTMENTS AND TRADING, LLC.

96.     At various times throughout the period of time, KAZI transferred personal funds to GARCIA based upon the statements of GARCIA purporting various financial crisis.

### D.  The Fraudulent Limited Liability Company

97.     GARCIA was a Registered Agent of United Fuel Supply, LLC (UFS).

98.     On November 6, 2018, GARCIA is removed as a Registered Agent for UFS.

99.     On January 22, 2019, GARCIA formed United Fuel Supply SA, LLC (UFS-SA) as a single-member limited liability company under the laws of the State of Texas, listing himself as the registered agent and providing a business address of 2200 Post Oak Blvd, Houston, Texas.

### E.  The Fraudulent Deeds of Trust to Texas Properties

100.    KAZI demanded security when it was clear that he had received nothing in exchange for his $2.7 million payments.

101.    On January 27, 2019, GARCIA, on behalf of Universal Investments and Trading, LLC signed two deeds of trust to KAZI MANAGEMENT SAINT CROIX, LLC for properties in Cameron County Texas.

102.    On April 12, 2019, KAZI MANAGEMENT recorded the deed of trust for the 13.14 acre property at Instrument Number 2019-14016 with the Cameron County Clerk, with said deed being recorded in Book OR, Volume 24139, Page 286.

103.    On April 15, 2019, KAZI MANAGEMENT recorded the deed of trust for the 11.94 acre property at Instrument Number 2019-14206 with the Cameron County Clerk, with said deed being recorded in Book OR, Volume 24143, Page 52.

104.    At the time the Deed was signed and continuing until the time the Deed was recorded, the property was not owned by UNIVERSAL INVESTMENTS AND TRADING, LLC or any other entity belonging to GARCIA.

105.     It was determined the that the properties were originally part of a 51.6007 acre tract acquired On July 30, 2014, by United Fuel Supply, LLC (UFS) a Limited Liability Company formed under the laws of the State of Nevada in 2011 and registered in the State of Texas on February 14, 2012.

106.     On June 18, 2018, UFS partitioned the property and recorded deeds to include the two parcels subject to this litigation.

107.     A 13.14 acre property was recorded on June 18, 2018.

108.     A 11.94 acre property was recorded on June 18, 2018.

109.     On July 2, 2018, UFS conveyed title to UIT on July 2, 2018 in a general warranty deed signed by GARCIA as "Managing Director"

110.     On July 12, 2018, UIT conveyed title both properties to UFS via a General Warranty Deed signed by Isaiah Kingston as "Managing Partner"

111.     On July 19, 2018, UFS conveyed title to the entire 51 acre tract to Fidelity Funding Company, LLC

112.     On August 3, 2018, Fidelity Funding Company conveyed the entire 51 acre tract back to UFS.

113.     On February 13, 2019, UFS conveyed both properties to Heduma Construction, LLC.

114.     On March 6, 2019, UFS-SA records general warranty deeds conveying the properties to UIT.   The deeds are dated June 28, 2018 and June 29, 2018 and notarized on February 28, 2019.

115.     UFS-SA did not exist as a legal entity on June 28 - 29, 2018.

116. UFS-SA included an address identical to UFS on the deed, furthering the deception that UFS and UFS-SA were the same company.

117. At no point did UFS-SA legally acquire title to the properties if conveyed to UIT and this conveyance was part of the larger scheme to defraud KAZI MANAGEMENT SAINT CROIX, LLC

## FIRST CLAIM FOR RELIEF
### FRAUDULENT MISREPRESENTATION
### BY SANTIAGO GARCIA GUTIERREZ

### A.  False Statements and Fraudulent Documents

118. Paragraphs 1-117 are incorporated herein as if set forth at length.

119. As set forth above, GARCIA made several material representations that were false related to the purchase of vehicles, airplanes, and oil refineries.

120. GARCIA produced documents, purportedly from high-level government officials, in support of his fraudulent statements.

121. At the time each representation was made, GARCIA knew the statements were false.

122. GARCIA did so with the intent to induce KAZI to act on the representations/statements to wire money to GARCIA.

123. KAZI and KAZI MANAGEMENT justifiably relied upon the representations/statements, suffering at least a $2.7 million loss.

### B.  Fraudulent Wire Transfers

124. Between June 22, 2018 and May 28, 2019, KAZI and KAZI MANAGEMENT wired $2.7 million to GARCIA through his company, Universal Investments and Trading, LLC based upon the false statements made by GARCIA.

125.     GARCIA profited from these wire transfers by keeping the money.

126.     GARCIA did not produce any vehicles, aircraft, or refineries in exchange for the money.

### C.  Fraudulent Land Transactions

127.     GARCIA represented to KAZI that he owned two properties in Cameron County, Texas.

128.     GARCIA knew that he did not own the land at the time.

129.     GARCIA, in an effort to hide his scheme, created a UNITED FUEL SUPPLY SA, LLC, deliberately intending to sound similar to action owner of the property, UFS, and thereafter produced deeds purportedly transferring the properties to UNIVERSAL INVESTMENTS AND TRADING.

130.     GARCIA knew, at the time he represented to KAZI that he owned the properties, that he did not have legal title to the properties and could not convey title.

**SECOND CLAIM FOR RELIEF**
**REAL ESTATE FRAUD BY**
**SANTIAGO GARCIA GUTIERREZ**
*Tex. Bus. & Com. §27.01*

131.     Paragraphs 1 – 130 are incorporated herein as if set forth at length.

132.     KAZI demanded security from GARCIA after paying $2.7 million and seeing no results.

133.     GARCIA, offered to sign two deeds of trust to two parcels of property by and through his companies UIT and UNITED FUEL SUPPLY SA, LLC.

134.     At the time GARCIA signed the dead of trust, he knew that the properties were not owned by him, by and through his companies.

135.     GARCIA made these false representations to induce KAZI to forego litigation to recover the $2.7 million.

136.     As a result of GARCIA's false representations, KAZI entered into the agreement and recorded the assignment.

137.     As a result of the false representations regarding the property, KAZI took no action to recover the money and, as a result, GARCIA continued to have access to the fraudulently obtained funds.

138.     It was later determined that the lawful owner of the property United Fuel Supply, LLC sold the property to Heduma Construction, LLC prior to GARCIA's fraudulent transfers.

**THIRD CLAIM FOR RELIEF**
**BREACH OF CONTRACT BY**
**SANTIAGO GARCIA GUTIERREZ**

139.     Paragraph 1 – 138 are incorporated herein as if set forth at length.

140.     Over the course of several months and several written communications via text and WhatsApp, GARCIA and KAZI entered into an agreement to purchase vehicles, airplanes, and refineries.

141.     In exchange for the money provided by KAZI, GARCIA, with the assistance of DOE and other individuals would acquire the property and make it available for transfer to KAZI and KAZI MANAGEMENT.

142.     GARCIA provided multiple lists of vehicles and aircraft along with prices.

143.     KAZI provided $ 2.7 million via multiple wire transfers.

144.     GARCIA provided fraudulent documents that appeared to be from the United States Government.

145.     GARCIA breached the Agreement by failing to provide vehicles, aircraft, and refineries.

146.     As a direct and proximate result of the breach, KAZI suffered a loss of $2.7 million.

### FOURTH CLAIM FOR RELIEF
### BREACH OF FIDUCIARY DUTY BY
### SANTIAGO GARCIA GUTIERREZ

### A.  Fiduciary Relationship

147.     Paragraphs 1 – 146 are incorporated herein as if set forth at length.

148.     GARCIA identified himself as a broker between KAZI, KAZI MANAGEMENT, and the government and acted a broker by his statements and alleged actions with respect to the acquisition of the government property.

149.     GARCIA provided multiple documents and photos demonstrating his close relationship to DOE and various other law enforcement and government officials including the "Chief Acquisition Officer" and "Director of Asset Management"

### B.  Breach of Fiduciary Duty

150.     By virtue of his position as a broker, GARCIA had a fiduciary duty to KAZI and KAZI MANAGEMENT to act in good faith.

151.     GARCIA breached his fiduciary duty by engaging in a fraudulent scheme designed to take $2.7 million from KAZI MANAGEMENT.

152.     As a result of GARCIA's breach of fiduciary duty, KAZI MANAGEMENT suffered damages in the amount of $2.7 million.

### FIFTH CLAIM FOR RELIEF
### PROMISSORY ESTOPPEL
### AGAINST SANTIAGO GARCIA GUTIERREZ

153.     Paragraphs 1 – 152 are incorporated herein as if set forth at length.

154.  GARCIA made multiple promises in support of his agreement to assist KAZI and KAZI MANAGEMENT to acquire automobiles, aircraft, and refineries from the United States Government.

155.  GARCIA, by virtue of his friendship with KAZI, knew that KAZI would rely upon his promises.

156.  KAZI and KAZI MANAGEMENT relied on GARCIA's promises by continuing to provide money via wire transfers.

157.  As a result of KAZI's detrimental reliance on the promises of GARCIA, KAZI and KAZI MANAGEMENT suffered a loss of $2.7 million.

**SIXTH CLAIM FOR RELIEF**
**CIVIL CONSPIRACY**
**BY SANTIAGO GARCIA GUTIERREZ**

158.  Paragraphs 1 -157 are incorporated herein as if set forth at length.

159.  GARCIA, in collaboration with DOE, developed a complex scheme carried out over a course of months wherein they sought to defraud KAZI and KAZI MANAGEMENT through various fraudulent communications regarding the purchase of vehicles.

160.  GARCIA and DOE communicated with KAZI via telephone, WhatsApp, and text messages in addition to producing fraudulent documents purported to be from the United States Government, for the purpose of inducing KAZI MANAGEMENT to send money.

161.  KAZI, in reliance upon the fraudulent documents and statements by GARCIA and DOE transferred over $2.7 million to GARCIA.

162.    KAZI MANAGEMENT received nothing in exchange and suffered a loss as a direct result of the GARCIA and DOE conspiracy.

## SEVENTH CLAIM FOR RELIEF
### CIVIL CONSPIRACY BY
### JOHN DOE

163.    Paragraphs 1 – 162 are incorporated herein as if set forth at length.

164.    DOE, in collaboration with GARCIA, developed a complex scheme carried out over a course of months wherein they sought to defraud KAZI and KAZI MANAGEMENT through various fraudulent communications regarding the purchase of vehicles.

165.    DOE and GARCIA communicated with KAZI via telephone, WhatsApp, and text messages in addition to producing fraudulent documents purported to be from the United States Government, for the purpose of inducing KAZI to send money.

166.    KAZI, in reliance upon the fraudulent documents and statements by DOE and GARCIA transferred over $2.7 million to GARCIA.

167.    KAZI received nothing in exchange and suffered a loss as a direct result of DOE and GARCIA's conspiracy.

## EIGHTH CLAIM FOR RELIEF
### REAL ESTATE FRAUD
### BY UNITED FUEL SUPPLY SA, LLC AND
### UNIVERSAL INVESTMENTS & TRADING as alter-egos of
### SANTIAGO GARCIA GUTIERREZ
*Tex. Bus. & Com. §27.01*

168.    Paragraphs 1 – 167 are incorporated herein as if fully set forth at length.

169.    GARCIA, offered to sign two deeds of trust to two parcels of property by and through his company UNIVERSAL INVESTMENTS & TRADING, LLC (UIT).

170.    At the time GARCIA signed the dead of trust, he knew that the properties were not owned by UIT.

171.    As a result of the GARCIA's false representations regarding the property, KAZI took no action to recover the money and, as a result, GARCIA continued to have access to the fraudulently obtained funds.

172.    It was later determined that the lawful owner of the property United Fuel Supply, LLC sold the property to Heduma Construction, LLC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Zubair KAZI and KAZI MANAGEMENT of ST. CROIX, LLC prays that judgment should be entered in its favor and against Defendants Santiago Garcia Gutierrez, United Fuel Supply SA, LLC, Universal Investments and Trading, LLC, and John Doe on each and every claim asserted herein, and that it be awarded the following relief:

a.   Monetary damages, including special damages, in an amount to be calculated at trial, but not less than $2,700,000.00;

b.   Statutory damages, as applicable;

c.   Pre-judgment interest;

d.   Post-judgment interest; and

e.   Exemplary Damages;

f.   Litigation costs and expenses, including reasonable attorneys' fees and collection expenses; and

g.   Any such further preliminary or permanent relief, including equitable relief, as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues, so triable.

Respectfully submitted this 13th day of March, 2020.

THE MORGAN LAW FIRM

<u>/s/ Forest Dean Morgan</u>
Forest Dean Morgan, Esquire
PA Bar # 203088
The Morgan Law Firm
151 W. Chocolate Ave, Suite 145
PO Box 767
Hershey, PA 17033-0767
Tel: 717-220-4300
Fax: 717-585-6574
<u>dean@fdeanmorgan.com</u>