Case 4:20-cv-00924   Document 21   Filed on 02/03/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KAZI MANAGEMENT SAINT CROIX, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-0924 |
| | § | |
| SANTIAGO GARCIA GUTIERREZ, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This fraud case is before the Court on Plaintiffs' Motion for Default Judgment against Santiago Garcia Gutierrez, Universal Investments & Trading, LLC, and United Fuel Supply SA, LLC and Plaintiffs' Motion for Attorney's Fees and Costs of Service.[1] ECF 15, 18. The District Court entered default as to the above-named Defendants on September 8, 2020. ECF 13. The Court recommends that Plaintiffs' Motions for Default Judgment and for fees and costs be GRANTED.

## I. Background

Plaintiffs, residents of St. Thomas, U.S. Virgin Islands, filed their Complaint on March 13, 2020 asserting alter ego, fraud, breach of contract, and conspiracy claims against Santiago Garcia Guiterrez (Garcia), his companies Universal Investments and Trading, LLC (UIT) and United Fuel Supply SA, LLC, (UFS), all doing business in Texas, and an unidentified male who posed as a federal law enforcement agent.[2] ECF 1. Garcia owns

---

[1] The District Court has referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 20.

[2] Plaintiffs have not identified John Doe. No summons has been issued for or served on the John Doe Defendant. Therefore, entry of default judgment against John Doe is not procedurally warranted. *Lowe v. Dallas Police Dep't*,

100% of the Defendant LLCs and had exclusive possession and control of all of their assets. Garcia used the LLCs as part of a scheme to perpetrate fraud upon Plaintiffs. Garcia defrauded Plaintiffs by convincing them to wire money to Defendants' accounts for the purchase of seized property which Defendants claimed to have the right to sell on behalf of the United States Government. *Id.* Plaintiffs were granted leave for substituted service. ECF 8. After Defendants failed to respond or answer the Summons and Complaint, Plaintiffs requested entry of default and moved for default judgment. ECF 9-12. The Court entered default and ordered Plaintiffs to move for judgment by default with supporting affidavits on damages and attorney's fees within 20 days. ECF 13. Defendants then filed the pending motions for default judgment and for attorney's fees and costs of service.[3]

## II.  Default Judgment Standards

Federal Rule of Civil Procedure 55 grants courts authority to enter default judgment against a defendant who fails to plead or otherwise defend itself. In exercising its discretion to enter a default judgment, the Court must determine "(1) whether default judgment is procedurally warranted; (2) whether [Plaintiffs'] complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, [Plaintiffs] should receive." *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *1 (W.D. Tex. Nov. 23, 2020).

---

No. 3:17-CV-704-G-BN, 2017 WL 4480687, at *2 (N.D. Tex. Sept. 19, 2017), report and recommendation adopted, No. 3:17-CV-0704-G (BN), 2017 WL 4475132 (N.D. Tex. Oct. 6, 2017). Plaintiffs have not moved for default judgment as to John Doe. *See* ECF 15. Upon entry of a default judgment against the other Defendants, all claims against John Doe should be dismissed without prejudice for failure to prosecute.

[3] Plaintiffs' prior Motion for Default Judgment (ECF 9) is terminated as moot.

To make the first determination, whether default judgment is procedurally warranted, courts in the Fifth Circuit must consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). To make the second determination, the court looks at whether the well-pleaded factual allegations in Plaintiffs' Complaint establish a valid cause of action. *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The third determination requires the Court to award only the relief prayed for in the Complaint as required by Federal Rule of Civil Procedure 54(c). *Id.* at *3. A defendant's default establishes only liability, not the amount of damages. *Id.* (citing *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). The amount of damages to be awarded in a default judgment must be supported by evidence at a hearing or in affidavits unless the amount can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* (quoting *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993)).

**III. Analysis**

    **1. Default Judgement is procedurally warranted.**

Consideration of the six *Lindsey* factors establishes that default judgment is procedurally warranted. No material issues of fact are in dispute because defendants never responded to the Complaint. Default judgment does not substantially prejudice Defendants

3

because their own inaction "has ground the adversary process to a halt." *Joe Hand Promotions, Inc.*, 2020 WL 6876208, at *2. Grounds for default have been clearly established, as demonstrated by the District Court's Order entering default against Defendants, and there is no indication that Defendants' default was the result of a good faith mistake or excusable neglect. The amount of the judgment Defendants seek represents only what Defendants' obtained from Plaintiffs through fraud plus interest and fees. The Court is not aware of any reason the district court would be obligated to set aside the judgment upon a motion by Defendants. *See A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 225 (5th Cir. 2019) ("In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), we examine the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff.").

### 2. Plaintiffs' Complaint establishes entitlement to relief.

Plaintiffs' Complaint pleads at least two valid causes of action against Defendants — fraud, and real estate fraud under Texas Business and Commerce Code § 27.01. To prove fraud under Texas law a plaintiff must show: "(1) the defendant made a false, material representation; (2) the defendant 'knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;' (3) 'the defendant intended to induce the plaintiff to act upon the representation;' and (4) the plaintiff justifiably relied on the representation, which caused the plaintiff injury." *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019), reh'g denied (Jan. 17, 2020). Plaintiffs make multiple allegations of specific misrepresentations by Garcia,

4

including representing on March 21, 2018 that he was brokering a deal with "Ben" from the Department of Homeland Security for the sale of planes; on May 11, 2018 that vehicles were available for sale; on May 15, 2018 that planes were available for sale; on May 24 and 29, 2018 that luxury cars were available for sale; on June 1, 2018 that he needed a down payment from Kazi for cars and planes; on June 11, 2018 that he had been in contact with government officials about the sale; on June 20, 2018 that Kazi must go through Garcia to buy the goods because the government would not sell to Kazi directly; on August 7, 2018 and September 10, 2018 that refineries were for available for sale; on April 9, 2019 that Garcia would sign over a 11.84 acre property worth $2 million in exchange for an additional $150,0000.  ECF 1.  The Complaint alleges, and Plaintiffs have established through Defendants' default, that Garcia knowingly made these false representations to induce Plaintiffs to wire money to accounts controlled by Garcia.  Plaintiffs in fact wired money in accordance with Garcia's instructions because they relied on Garcia's representations that they were purchasing vehicles, planes, and refineries that had been seized by the U.S. Government and that certain payments were secured by deeds of trust to property owned by Garcia.  According to the Complaint, Garcia did not have the right to sell the vehicles, planes, and refineries as represented and  Plaintiffs never gained possession of the vehicles, planes, and refineries.  Plaintiffs made the following wire transfers based on Garcia's misrepresentations:

- May 11, 2018 $8,000 to an account owned by UIT;
- June 25, 2018 $225,000 to an account owned by UIT;
- July 2, 2018 $375,000 to an account owned by UIT;

- July 17, 2018 $270,000 to an account owned by UIT;

- August 16, 2018 $500,000 to an account owned by UIT;

- August 20, 2018 $105,000 to an account owned by UIT;

- August 31, 2018 $47,789.27 to an account owned by UIT;

- September 10, 2018 $400,000 to an account owned by UIT;

- January 28, 2019 $450,000 to an account owned by UIT;

- March 13, 2019 $125,000 to an account owned by UIT;

- April 10, 2019 $150,000 to an account owned by UIT;

- May 28, 2019 $84,000 to an account owned by UIT;

The Court concludes that these allegations support a valid cause of action for fraud and that Defendants are jointly and severally liable because Plaintiffs have pleaded facts that support their alter ego claims.

Section 27.01 of the Texas Business and Commerce Code provides a remedy for fraud in a transaction involving real estate. The elements of a claim under § 27.01 are:

(1) false representation of a past or existing material fact, when the false representation is
    (A) made to a person for the purpose of inducing that person to enter into a contract; and
    (B) relied on by that person in entering into that contract; or
(2) false promise to do an act, when the false promise is
    (A) material;
    (B) made with the intention of not fulfilling it;
    (C) made to a person for the purpose of inducing that person to enter into a contract; and
    (D) relied on by that person in entering into that contract.

TEX. BUS. & COM. CODE ANN. § 27.01. The Complaint alleges, and thus Plaintiffs have established by Defendants' default, that Garcia falsely represented that he owned a parcel of land and could provide the deed of trust as security, in exchange for Plaintiff's transfer of additional money to Garcia. In fact, neither Garcia nor the LLCs possessed title to the property. Further, Garcia represented to Plaintiffs that he could broker the sale of three refineries from the U.S. Government to Plaintiffs when, in fact, he had no authority to do so. At the time they induced Plaintiffs to enter contracts for the sale of real estate, Garcia and the LLC's had no intention of honoring the contracts. Plaintiffs' Complaint states a claim for fraud under Texas Business and Commerce Code § 27.01, which provides for recovery of reasonable attorney's fees and costs. TEX. BUS. & COM. CODE ANN. § 27.01(e).

  **3. Plaintiffs have established they are entitled to the relief sought.**

Plaintiffs' Affidavits establish entitlement to a default judgement in the amount of $2,739,789.27 for actual damages, pre-judgment interest on damages at the rate of 5.0% from the date of filing the Complaint through the date of entry of judgment (which was $70,183.64 as of September 16, 2020), post-judgment interest on damages at the federal rate in effect on the date of entry of judgment, reasonable attorneys' fees in the amount of $13,600.00, and costs of service of $6,579.42. ECF 15-3 at 1-2; ECF 18.

**IV. Conclusion and Recommendation**

For the reasons discussed above, the Court recommends that Plaintiffs' Motion for Default Judgment (ECF 15) and Motion for Attorney's Fees and Costs of Service (ECF 18) be GRANTED and a Default Judgment entered in favor of Plaintiffs against Santiago Garcia Gutierrez, Universal Investments & Trading, LLC, and United Fuel Supply SA,

7

LLC in the amount of $2,739,789.27 for actual damages, pre-judgment interest on damages at the rate of 5.0% from the date of filing the Complaint through the date of entry of judgment (which was $70,183.64 as of September 16, 2020), post-judgment interest on damages at the federal rate in effect on the date of entry of judgment, reasonable attorneys' fees in the amount of $13,600.00, and costs of service of $6,579.42.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 03, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge